IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN LYNN REVELS,<br>    TDCJ-CID NO.654284,<br>        Plaintiff,<br>v.<br><br>BRAD LIVINGSTON, *et al.*,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-07-35 |

OPINION ON DISMISSAL

Plaintiff Kevin Lynn Revels, a state inmate, with an extensive history of filing abusive pleadings, has filed a civil rights complaint against medical provider Randall Healy and TDCJ-CID administrator Brad Livingston because Healy refuses to send plaintiff to a rehabilitation clinic to do hand exercises. (Docket Entry No.1). Plaintiff seeks injunctive relief, compensatory damages, a transfer to the Galveston medical unit, and an order to re-open the class action suit in *Ruiz v. Estelle*. (*Id.*). For the reasons to follow, the Court will dismiss this complaint with prejudice.

In §1983 cases, federal courts apply the forum state's general personal injury limitations, *Burrell v. Newsom*, 883 F.2d 416, 418 (5th Cir. 1989), and its coordinate tolling provisions. *Hardin v. Straub*, 490 U.S. 536 (1989). In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 2002).

The accrual of a cause of action under §1983 is determined by reference to federal law. *Burrell*, 883 F.2d at 418; *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980). Under the federal standard, "the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The cause of action accrues when "the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury" or "has reason to know" this information. *Id.* "A

plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Pitotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "[A] plaintiff need not have actual knowledge if the circumstances would lead a reasonable person to investigate further." *Id.*

Plaintiff indicates that a medical provider examined his deformed finger on May 11, 2004, and referred him to an occupational therapist for an evaluation. (Docket Entry No.2). On October 4, 2004, he was transferred from the Hughes Unit to the Estelle Medical Unit for hand therapy. (*Id.*). Plaintiff claims that he complained to the Warden in a grievance that he "was shipped to [the] Estelle Unit to exercise [his] left hand to prepare [the] hand for an opperation [sic] at John Sealy Hospital." (*Id.*). Plaintiff claims that upon his arrival at the Estelle Unit, he was placed in a high security unit instead of the medical unit. (*Id.*). Plaintiff claims that since then, he has not received the proper medical care for his hand. (*Id.*). Plaintiff further claims that he has requested treatment for his hand but Randall Healy "refuses to heed anything I tell him." (*Id.*). Plaintiff acknowledges that he had an operation on the hand over two years ago. (*Id.*).

By his own account, plaintiff was aware that he had been transferred to the Estelle Unit for hand therapy over four years ago and that he had an operation on the hand over two years ago. Therefore, plaintiff possessed critical facts that would support an Eighth Amendment claim at least two years ago. Plaintiff filed this complaint in January, 2007, months after any cause of action accrued. Therefore, limitations bar his claims.

Alternatively, plaintiff's complaint against Brad Livingston has no legal support under 42 U.S.C. § 1983 because plaintiff states no facts to show that Livingston, a TDCJ administrator, has any personal involvement in plaintiff's medical care or the treatment of plaintiff's injured hand."" *See Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983) (personal involvement is an essential element

2

of a civil rights cause of action); *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992) (each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (liability based on one's supervisory capacity exists if the supervisor is personally involved in the constitutional deprivation or a sufficient causal connection exits between the supervisor's wrongful conduct and the constitutional violation).

Likewise, plaintiff states no facts to show that medical provider Healy violated the Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (to establish an Eighth Amendment violation, a plaintiff must show deliberate indifference to serious medical needs);  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (no liability in context of a claim of inadequate medical care "unless the official knows of and disregards an excessive risk to inmate health").  At most, plaintiff alleges a disagreement with his medical provider regarding the treatment of his hand.  Such disagreement is insufficient to show an Eighth Amendment claim. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) ( inmate's "disagreement with his medical treatment" not sufficient to show Eighth Amendment violation); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979) ("[m]ere negligence, neglect or medical malpractice is insufficient" to show Eighth Amendment violation).

The district court may dismiss an action *sua sponte* if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  Plaintiff's claims lack an arguable basis in law and fail to state a claim upon which relief may be granted.  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Accordingly, plaintiff's complaint is subject to dismissal because his claims are legally frivolous. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Plaintiff has also filed this complaint in violation of court orders. *See Revels v. Jones*, Civil Action No.H-06-4118 (S.D. Tex. Jan. 25, 2007). Plaintiff has not shown that he has satisfied any of the conditions of prior court orders to pay sanctions.

Accordingly, the Court ORDERS this civil rights action BE DISMISSED with prejudice. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

Signed at Houston, Texas, on this 17th day of April, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE